Bryan A. Merryman (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Attorneys for Defendant
BLUETRITON BRANDS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PERRY BRUNO, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BLUETRITON BRANDS, INC.,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-01563<br><br>**DEFENDANT BLUETRITON BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]** |

**NOTICE IS HEREBY GIVEN** that defendant BlueTriton Brands, Inc. ("BlueTriton"), pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of rights and defenses, hereby removes this action to this Court from the Superior Court of the State of California for the County of Los Angeles.  As grounds for removal, BlueTriton states as follows:

## BACKGROUND

1. On January 23, 2024, plaintiff Perry Bruno ("Plaintiff") filed a putative class action complaint ("Complaint") against BlueTriton in Los Angeles County Superior Court, Case No. 24STCV01770.

2. On January 25, 2024, Plaintiff served BlueTriton with a copy of the Summons and Complaint.

3. Plaintiff alleges the claim "100% Mountain Spring Water" on the label of Arrowhead® brand bottled spring water is false, misleading, and deceptive because the water contains microplastics.  Compl. ¶¶ 1, 9.

4. Plaintiff alleges the following claims for relief: violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) and California's Unfair Competition Law (Cal. Bus. & Prof. Code, §§ 17200, *et seq.*).  *See* Compl. ¶¶ 56-86.

5. Plaintiff asserts these claims on behalf of himself and a putative class of consumers in the United States, as well as a subclass of California consumers, who purchased Arrowhead® brand bottled spring water "within four years prior to the filing of the Complaint through the date of class certification."  Compl. ¶¶ 9, 42-3.

6. As demonstrated below, removal is proper because BlueTriton satisfies the procedural requirements for removal under 28 U.S.C. § 1446; this action falls within the Court's "original jurisdiction" under 28 U.S.C. §§ 1331, 1332(d), and 1441; and venue is proper in this district.

## PROCEDURAL REQUIREMENTS

7. In accordance with 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and orders served on BlueTriton in the state court action are attached to this Notice of

Removal as Exhibit A.

8. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely, as BlueTriton filed it within 30 days after it was served with the Complaint on January 25, 2024.

9. In accordance with 28 U.S.C. § 1446(d), BlueTriton will promptly serve on all counsel of record and file with the clerk of the court from the Superior Court of the State of California for the County of Los Angeles a copy of this Notice of Removal and its accompanying exhibit.

**BASIS FOR REMOVAL**

10. "To remove a case from state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id.*

11. This action is within the original jurisdiction of this Court, and removal is, therefore, proper under CAFA. Congress enacted CAFA to expand federal court jurisdiction over proposed class actions. *See Dart Cherokee*, 574 U.S. at 89 (citing S. Rep. No. 109-14, at *43, as reprinted in 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14). The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

12. CAFA provides that a class action may be removed to federal court if: (1) any members of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed plaintiff class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(2), (5)-(6).

13. This Court may make reasonable deductions, reasonable inferences, or other reasonable extrapolations to determine whether the jurisdictional requirements for removal are met. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's

jurisdiction.") (internal quotations marks and citation omitted); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1229 (9th Cir. 2019).

14. As explained more fully below, this action satisfies each requirement of 28 U.S.C. § 1332(d)(2) for original CAFA jurisdiction.

**This Is a Covered Class Action**

15. According to the Complaint, "Plaintiff brings this action on behalf of himself and all others similarly situated" in the proposed class of all persons in the United States, as well as a subclass of all persons in the State of California, who purchased Arrowhead® bottled water "within four years prior to the filing of the Complaint through the date of class certification." Compl. ¶¶ 9, 42-3. As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a).

**There Are More Than 100 Putative Class Members**

16. Plaintiff alleges "the Class is so numerous that the individual joinder of all of their members is impracticable" and that there are "thousands, if not millions of members." Compl. ¶ 45. Accordingly, the Complaint itself alleges the proposed class and sub-class include more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**Minimal Diversity of Citizenship Exists**

17. According to the Complaint, Plaintiff is a citizen of California. Compl. ¶ 5.

18. BlueTriton is not a California citizen. Rather, BlueTriton is a corporation organized under the laws of the State of Delaware and its principal place of business is in Stamford, Connecticut. Compl. ¶ 6. Accordingly, BlueTriton is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c) (a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

19. Thus, CAFA's minimal diversity requirement is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

**The Amount in Controversy Exceeds $5 Million**

20.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

21.     As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. at 89. The "defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* at 925.

22.     Sales of Arrowhead® bottled water substantially exceeded $5 million during the proposed class period. Here, the Complaint alleges BlueTriton represents to consumers that Arrowhead® bottled water is "100% Mountain Spring Water" and fails to disclose the bottled water allegedly contains microplastics. Compl. ¶¶ 1, 9. Plaintiff alleges "[h]ad Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. . . . [and] Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members." Compl. ¶ 82.

23.     The Complaint alleges "Plaintiff is asserting claims that are typical of the Class and Sub-Class," which it defines as all persons in the United States and all persons in the State of California who purchased Arrowhead® bottled water "within four years prior to the filing of the Complaint through the date of class certification." Compl. ¶¶ 42-3, 48. In the Complaint, Plaintiff asserts claims for monetary damages on behalf of himself and on behalf of "thousands, if not millions" of individuals in the United States and the State of California who purchased the products throughout this over four-year period. Compl. ¶¶ 42-4.

24.     The amount in controversy in this case substantially exceeds $5 million, exclusive of interests and costs.

**CAFA's Exceptions Do Not Apply**

25.     The exceptions to removal under 28 U.S.C. § 1332(d) do not apply to this case.

26.     In particular, the "local controversy" exception to CAFA, where more than two-

thirds of the putative class members are citizens of the State in which the action was originally filed, does not apply because Plaintiff seeks to certify a nationwide class of purchasers. *See* Compl. ¶ 42; *see, e.g.*, *Aram Adzhikosyan v. AT&T Corp.*, No. 2:21-CV-05997-ODW (MRWx), 2021 U.S. Dist. LEXIS 241791, at *7 (C.D. Cal. Dec. 17, 2021).

**VENUE**

27.     This case is properly removed to this district because the Superior Court of the State of California for the County of Los Angeles, where Plaintiff commenced this action, is located within the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c)(2); *see generally* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). Venue is therefore proper under 28 U.S.C. § 84(c)(2).

**NON-WAIVER**

28.     By submitting this Notice of Removal, BlueTriton does not waive any objections or defenses, including, but not limited to, personal jurisdiction defenses, and does not admit any of the allegations in the Complaint.

29.     BlueTriton also reserves the right to amend or supplement this Notice of Removal.

**CONCLUSION**

WHEREFORE, BlueTriton respectfully gives notice that this civil action pending in the Superior Court of the State of California for the County of Los Angeles is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: February 26, 2024                          WHITE & CASE LLP

                                                  By:  */s/ Bryan A. Merryman*
                                                       Bryan A. Merryman

                                                  Attorneys for Defendant
                                                  BLUETRITON BRANDS, INC.